**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**DENZIL A. LAWRENCE,**
**#922291,**
                    **Plaintiff,**

          **vs.**                                        **Case No. 18-CV-1474-MJR**

**JARRETT BROOKS,**
**MICHAEL MCDONALD,**
**DOUG HOGAN, and**
**JOHN/JANE DOE,**
                    **Defendants.**

**<u>MEMORANDUM AND ORDER</u>**

**REAGAN, Chief Judge:**

Plaintiff Denzil Lawrence, an inmate in Chester Mental Health Center, brings this action

for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks

monetary damages and injunctive relief. This case is now before the Court for a preliminary

review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify
> cognizable claims or dismiss the complaint, or any portion of the complaint, if the
> complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which
> > relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune
> > from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

1

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

In April and June 2018, Plaintiff claims members of the kitchen staff harassed him by laughing and pointing at him. (Doc. 1, p. 14). This harassment often occurred in front of John/Jane Doe, the kitchen manager. *Id.*

According to the Complaint, the harassment from Jarrett Brooks, a cook, was particularly aggressive. *Id.* For several weeks in June 2018, Brooks gave Plaintiff "uncomfortable looks and stares" and appeared to be making "harassing" comments about Plaintiff to his co-workers. *Id.* On June 22, 2018, Brooks pointed, smiled, and nodded at Plaintiff, indicating that he was interested in Plaintiff sexually. *Id.* When Plaintiff became upset, Brooks responded by laughing and blowing kisses to him. *Id.* On June 25, 2018, Brooks exhibited the same behavior, this time licking his lips and blowing kisses in Plaintiff's direction. *Id.* The alleged harassment has caused Plaintiff emotional distress. *Id.*

Plaintiff filed a complaint about Brooks with Doug Hogan, a representative from Inspector General's Office. (Doc. 1, pp. 14-15). The matter is being investigated, but Plaintiff has not received any follow-up on the investigation. *Id.* Plaintiff also complained to Michael McDonald. *Id.* However, he took no action. *Id.*

## Merits Review Under § 1915(A)

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 –** Eighth Amendment claim against John/Jane Doe for failing to intervene when kitchen staff members were laughing and pointing at Plaintiff.

**Count 2 –** Eighth Amendment claim against Brooks for sexually harassing Plaintiff in June 2018.

**Count 3 –** Claim against Hogan and McDonald for failing to investigate and/or mishandling Plaintiff's complaints about Brooks' alleged sexual harassment.

### Count 1

Plaintiff's allegations do not implicate the Eighth Amendment. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Because the conduct Plaintiff complains of does not rise to the level of a constitutional violation, he cannot state a plausible failure-to-intervene claim against John/Jane Doe. *See Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009) (official can be held liable under § 1983 if he "(1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring"). Accordingly, Count 1 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 2

In some limited circumstances, verbal abuse can constitute cruel and unusual punishment

under the Eighth Amendment. *See Beal v. Foster*, 803 F.3d 356, 358-59 (7th Cir. 2015). In *Beal*, the Seventh Circuit held that dismissal of an Eighth Amendment claim based on verbal harassment was premature. *Id*. The plaintiff allegedly suffered significant psychological harm that necessitated mental health treatment, after he was subjected to harassment that was sexual in nature, included physical conduct (but no contact), and arguably placed him in greater danger of assault by other inmates.

Here, Brooks' alleged conduct – while certainly inappropriate – does not come close to the kind of harassment described in *Beal*. Accordingly, Count 2 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 3

The Complaint fails to state a claim as to Hogan and McDonald. In order to be held individually liable for a civil rights violation, "a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). There is no indication that these individuals were personally involved in the underlying constitutional violation. Instead, Plaintiff faults these officials for failing to address his grievances about Brooks' harassment. But the denial of a grievance, standing alone, is not enough to violate the United States Constitution. *See, e.g., Owens v. Evans,* No. 16-1645, 2017 WL 6728884, at *3 (7th Cir. Dec. 13, 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). As such, Plaintiff's claims pertaining to McDonald and Hogan fall short of stating a

constitutional claim and shall be dismissed without prejudice.

## Motion for Recruitment of Counsel

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[1] Plaintiff did not provide sufficient information for the Court to determine if he has made a reasonable effort to obtain counsel on his own (he merely states that he has written to one legal aid agency). With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he has some college education, has limited access to legal materials, and that his "mental health designation" limits his ability to move forward with this litigation. Nonetheless, the Court finds that Plaintiff is capable of proceeding *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court, and there is no indication that Plaintiff's "mental health designation" is preventing him from communicating with the Court. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. No legal training or knowledge is required to do this. Therefore, the recruitment of counsel is not warranted at this time, and the motion is denied. The Court will remain open to the appointment of counsel in the future.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint, which includes **COUNTS 1** through **3,** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or **before October 9, 2018**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED.

---

[1] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because he has yet to state a claim upon which relief may be granted.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (*i.e.* 18-cv-1474-MJR).

To enable Plaintiff to comply with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(A).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 10, 2018**

<u>s/ MICHAEL J. REAGAN</u>
**Chief Judge**
**United States District Court**
